IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § § § | |
| Plaintiff, § § | CIVIL ACTION NO. 6:17-CR-00011-JDK |
| v. § § | |
| JONATHAN LAVEL WILSON (2), § § § | |
| Defendant. § | |

### REPORT AND RECOMMENDATION OF
### UNITED STATES MAGISTRATE JUDGE

On December 6, 2022, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Jonathan Lavel Wilson. The government was represented by Allen Hurst, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Matthew Millslagle, Federal Public Defender.

Defendant originally pled guilty to the offense of Possession With Intent to Distribute Less Than 28 Grams of Cocaine Base, Near a Playground, and Aiding and Abetting, a Class B felony. The United States Sentencing Guideline range for this offense, based on a total offense level of 13 and a criminal history category of V, was 30 to 37 months. The offense carried a maximum imprisonment term of 40 years.

On September 27, 2017, District Judge Thad Heartfield sentenced Defendant to 20 months imprisonment followed by six years of supervised release, subject to the standard conditions of release, plus special conditions to include financial disclosure and drug treatment and testing. On December 7, 2018, Defendant completed his term of imprisonment and began his term of supervised release.

1

Under the terms of supervised release, Defendant was prohibited from using any controlled substance, including marijuana. In Allegation 2 of its petition, the government alleges Defendant violated the conditions of his supervised release when his urine sample tested positive for marijuana on or about June 30, 2022. If the court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by using marijuana on or about June 30, 2022, Defendant will have committed a Grade C violation. U.S.S.G. § 7B1.1(a). Upon a finding of a Grade C violation, the Court may revoke the term of supervision. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of V, the Guideline imprisonment range for a Grade C violation is 7 to 13 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to violating the conditions of supervision by using marijuana as alleged in Allegation 2 of the government's petition. In exchange, the government agreed to recommend to the court a sentence of 7 months imprisonment, with no supervised release to follow.

The court therefore **RECOMMENDS** that Defendant's plea of true be accepted and he be sentenced to a term of 7 months imprisonment, with no supervised release to follow. The court further **RECOMMENDS** that Defendant receive credit for time served since September 19, 2022. The court further **RECOMMENDS** that Defendant serve his sentence at FCI Seagoville, if available. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 7th day of December, 2022.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE

2